IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHELLE NEWHOUSE; et al.,

    Plaintiffs,                                     No. CIV S-12-0223 KJM-EFB

    vs.

AURORA BANK FSB; et al.,

    Defendants.                                   <u>ORDER</u>

/

          This matter comes before the court on plaintiffs' motion to remand. (ECF 21.) The court decides this matter without a hearing. For the following reasons, plaintiffs' motion is denied.

I. <u>PROCEDURAL HISTORY</u>

          On October 25, 2011, plaintiffs filed a complaint in Sacramento County Superior Court against Aurora Bank FSB ("defendant"), BNC Mortgage, JP Morgan Chase & Co., Washington Mutual Bank, N.A., Citibank, N.A., Indymac Bancorp, Inc., Wells Fargo Bank, N.A., and Wachovia Bank, N.A.[1] On December 20, 2011, plaintiffs dismissed Citibank, N.A.

---

[1] Plaintiffs also list doe defendants, in both their original and amended complaints. The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177

1

and Bank of America, N.A.  On January 3, 2012, plaintiffs dismissed BNC Mortgage, JP Morgan Chase & Co., Washington Mutual Bank, N.A., Indymac, Wells Fargo, and Wachovia Bank.  Aurora Bank FSB ("defendant"), the only remaining defendant named in plaintiffs' state-court complaint, removed this case on January 27, 2012 citing this court's diversity jurisdiction.  (ECF 1.)  Plaintiffs moved to remand on February 16, 2012 (ECF 21) and filed an amended complaint (ECF 23) on February 24, 2012.  Defendant filed its opposition on March 9, 2012.  (ECF 29.)  Plaintiffs have not filed a reply.

II. <u>ANALYSIS</u>

Plaintiffs seek remand of the above-captioned matter, contending this court does not have federal question jurisdiction.  Plaintiffs further contend this court should abstain from hearing this matter.  Relatedly and additionally, plaintiffs contend that as this is an action concerning real property this court cannot hear it concurrently with the state court proceeding.  Plaintiffs do not address this court's diversity jurisdiction, asserted in defendant's notice of removal.  In addition, as will be discussed, plaintiffs demonstrate a misunderstanding of the federal removal statute.

District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties.  28 U.S.C. §§ 1331, 1332(a).  The removal statute, 28 U.S.C. § 1441(a), provides: "[A]ny civil

---

F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiffs are warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Plaintiffs are further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiffs show good cause, is applicable to doe defendants. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

2

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains . . . on the proponent of federal jurisdiction."). Furthermore, "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants, LLC*, 1:09-CV-02061-OWW-GSA, 2011 U.S. Dist. LEXIS 23441, *6 (E.D. Cal. Mar. 8, 2011) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Here, however, there is no ambiguity.[2] Defendant is a Delaware corporation with its corporate headquarters and principal place of business in Colorado. (Not. of Removal ¶ 12.) The new defendants named in plaintiffs' amended complaint do not destroy diversity: Aurora Loan Services, LLC (erroneously named Aurora Loan Servicing, LLC) is "a fully owned

---

[2] The court must ask both whether diversity existed at the time of removal and whether it may continue to exercise subject matter jurisdiction in accordance with the amended complaint. *See Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 757 (9th Cir. 1999) ("[D]iversity jurisdiction is determined at the time the action commences . . . ."); *see also Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)) ("When an action is removed based on diversity, complete diversity must exist at removal."); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

subsidiary of Aurora"[3] (Opp'n at 3); MortgageIt, Inc. is incorporated in Maryland with its principal place of business in New York (Am. Compl. ¶ 38); and Mortgage Electronic Registration Systems, Inc. is incorporated in Delaware with its principal place of business in Virginia (*id.* ¶ 39). Plaintiffs are citizens of California and Florida. (*Id.* ¶ 14.) It matters not that plaintiffs have not specified an amount in controversy. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683. "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Muniz v. Pilot Travel Ctrs. LLC*, NO. CIV. S-07-0325 FCD EFB, 2007 U.S. Dist. LEXIS 31515, at *7 (E.D. Cal. Apr. 30, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). While "[a] court 'cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture,'" *id*. at *8 (quoting *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007)), defendant here has met its burden by providing sufficient evidence that "it is 'more likely than not'" that the amount in controversy requirement is satisfied, *Abrego Abrego*, 443 F.3d at 683 (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Specifically, defendant has shown that plaintiffs' loans, which are the subject of this litigation, exceed $75,000 and that plaintiffs are seeking declaratory relief in addition to other forms of relief. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977), *superseded on other grounds as stated in United Food & Commer. Workers Union Local 751 v. Brown Group*, 517 U.S. 544 (1996); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

---

[3] "For purposes of diversity jurisdiction . . . a limited liability corporation is a citizen of all of the states of which its owners/members are citizens. . . . [T]he citizenship of all members of limited liability corporations [must] be alleged." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, at *64 (9th Cir. Feb. 8, 2011).

Moreover, there is no longer a pending state court action. *See* 28 U.S.C. § 1446(d) (notice to the state court of removal "shall effect removal and the State court shall proceed no further unless and until the case is remanded"). As such, the *Colorado River* abstention doctrine is inapplicable, *see Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991), as is the prior exclusion doctrine, *see Maves v. First Horizon Home Loans*, No. 10-17230, 2011 U.S. App. LEXIS 24964, at *2 (9th Cir. Dec. 15, 2011). Furthermore, abstention is discretionary even if plaintiffs seek only equitable relief. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996).

III. <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion is DENIED.

IT IS SO ORDERED.

DATED: March 23, 2012.

_____
UNITED STATES DISTRICT JUDGE