IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

MICHELLE NEWHOUSE, et al.,

    Plaintiffs,    No. 2:12-cv-00223-KJM-KJN

 vs.

AURORA BANK FSB, et al.,

    Defendants.    <u>ORDER</u>

_____/

    This matter is before the court on the motion of defendants Aurora Bank FSB ("Aurora") and Aurora Loan Services, LLC ("ALS") (collectively, "defendants") to dismiss plaintiffs' second amended complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6). The court decided this motion without a hearing. For the reasons set forth below, defendants' motion is GRANTED.

I. BACKGROUND

    This is a mass-joinder action involving twenty-four plaintiffs alleging that defendants, involved in the origination and servicing of plaintiffs' residential mortgages, deceived them as to the nature of the mortgagor-mortgagee relationship they were entering at the time of origination. Plaintiffs filed their original complaint in California State Superior Court for the County of Sacramento. (*See* Notice of Removal ("NOR"), Ex. 1, ECF 1.)

Defendants timely removed to this court in accordance with 28 U.S.C. § 1441(b), based on diversity of citizenship under 28 U.S.C. § 1332. (*Id.*) On February 23, 2012, plaintiffs filed their first amended complaint ("FAC") as a matter of course in accordance with Federal Rule of Civil Procedure 15(a)(1)(B).

Defendant Aurora is a federal savings bank ("FSB") governed by the Home Owners Loan Act of 1933 ("HOLA"). The gravamen of plaintiffs' amended complaint is that defendants duped plaintiffs into believing they were entering a traditional, arms-length, lender-borrower relationship, when in fact their loans were immediately bundled, packaged and sold to investors. Plaintiffs argue defendants convinced plaintiffs to enter into risky loans defendants knew they could not afford, and then dragged their feet when plaintiffs attempted to modify their loans in order to obtain higher servicing fees for conducting foreclosure proceedings.

On January 8, 2013, the court granted defendants' motion to dismiss, dismissing all claims with prejudice save plaintiffs' negligent servicing claim, which the court construed as a misrepresentation claim. (ECF 75 at 12–14.) The court dismissed this claim with leave to amend to comply with Federal Rule of Civil Procedure Rule 9(b). (ECF 75.)

On February 8, 2013, plaintiffs filed their second amended complaint ("SAC"), re-alleging their negligence claim. (ECF 81.) Defendants moved to dismiss on February 21, 2013. (ECF 86.) Numerous plaintiffs filed for voluntary dismissal, and the remaining plaintiffs have not responded to the motion to dismiss. (ECF 90–95, 98, 100–101.)

II.     STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice," or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

Under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff who alleges fraud "must state with particularity the circumstances constituting the fraud," but may describe generally the state of mind animating the fraud. The pleading must "'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)). To avoid dismissal, the complaint must describe the time, place, and specific content of the false representations and identify the parties to the misrepresentations. *Id.*;

3

*Dooms v. Fed. Home Loan Mortg. Corp.*, No. CV F 11-0352 LJO DLF, 2011 WL 1232989, at *14 (E.D. Cal. Mar. 31, 2011).

III.    ANALYSIS

Defendants argue numerous bases for dismissal, including the economic loss doctrine, the statute of limitations, defects in the allegations of specific plaintiffs and lack of standing. (ECF 86 at 6–12.) However, because plaintiffs did not comply with this court's previous order of January 8, 2013, which directed plaintiffs to allege fraud with the required specificity, the court addresses only that basis for dismissal.

In their newly-amended complaint, plaintiffs primarily specify how defendants mishandled the loan modification process. (ECF 81 ¶¶ 81–88.) As the court previously noted, claims based upon these facts are preempted because they expressly attack the servicing of the loan. (ECF 75 at 11; 12 C.F.R. ¶ 560.2(10).) The balance of plaintiffs' amended pleading is too general to comply with Rule 9(b)'s particularity requirement.

Under California law, the elements of misrepresentation are: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007). Although state law controls the substantive elements of plaintiffs' claim for misrepresentation, plaintiff "must still meet the federal standard to plead [misrepresentation] with particularity." *Sato v. Wachovia Mortg., FSB*, No. 5:11–cv–00810 EJD (PSG), 2011 WL 2784567, at *9 (N.D. Cal., July 13, 2011) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)); *see also Meridian Project Sys., Inc. v. Hardin Const. Co., LLC*, 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005) ("It is well-settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement."). No portion of the amended complaint can be read to provide any meaningful detail linked to the state law elements.

At best, the allegations are that persons in defendants' employ advised plaintiffs they had to default for purposes of modification. (*See, e.g.*, ECF 81 ¶ 97.) Plaintiffs'

4

"vague and conclusory allegations . . . lack the 'who, what, when, where, and how' required by [Federal Rule of Civil Procedure] 9(b)." *Id.* at *8 (citing *Kearns*, 567 F.3d at 1125) (dismissing the plaintiff's claims for intentional and negligent misrepresentation predicated on allegations that defendant "misrepresented to [plaintiff] that she had to default on her mortgage payments in order to qualify for a loan modification").

As the court previously dismissed this claim on this same basis and plaintiffs have not opposed the motion to dismiss, further amendment would be futile. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

IV.     CONCLUSION

For the reasons stated above, defendants' motion to dismiss plaintiffs' second amended complaint is granted with prejudice. This case is CLOSED.

IT IS SO ORDERED.

DATED: June 5, 2013.

_____
UNITED STATES DISTRICT JUDGE